IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICKEY N. BOLES,

    Plaintiff,          Civil No. 04-1529-CO

    v.                  FINDINGS AND
                           RECOMMENDATION
JEAN HILL, et al.,,

    Defendants.

COONEY, Magistrate Judge.

    Plaintiff, an inmate at the Snake River Correctional Institution (SRCI) filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his Eighth Amendment rights by not providing adequate medical attention to an alleged shoulder injury. (Claim One) Plaintiff's Claim Two alleges violations of his Fifth and Fourteenth Amendment rights arising out of the "grievance system currently in effect at DOC." Plaintiff alleges that the grievance system is "futile." Plaintiff's Claim Three alleges "denial of access to the courts" by "intimidation" and other conduct "by staff

1 - FINDINGS AND RECOMMENDATION

members of the DOC who operate the law library." (sic)

Before the court is defendants' Motion for Judgment on the Pleadings (#14).

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." For purposes of a motion for judgment on the pleadings, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed false. Hal Roach Studios v. Richard Feiner & Co., 883 F.2d 1429, 1436, amended on other grounds by 896 F.2d 1542 (9th Cir. 1989); Doleman v. Meiji Mutual Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984). Judgment on the pleadings is proper when the moving party clearly establishes, on the face of the pleadings, that no material issue of fact remain to be resolved and that it is entitled to judgment as a matter of law. Hal Roach, supra, 886 F.2d at 1436.

Claim One: Plaintiff's first claim arises out of an alleged shoulder injury.

42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions. See, Wilson v. Garcia, 471 U.S. 261, 266 (1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991); see also, Hoestery v. City of Catherdral City, 945 F.3d 317, 319 (9th Cir. 1981).

In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1988); Davis v. Harvey, 789 F.2d 1332 (9th Cir. 1986).

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991); Vaughan, supra, 927 F.2d 486, 480 (9th Cir. 1991).

Plaintiff's allegations establish that he injured his shoulder on October 15, 2002, and "immediately sought attention through SRCI's Health Services." Complaint (#1) p. 3. I find that his claim arising out of the injury accrued at that time. Thus in order to be timely, plaintiff should have filed his complaint in this action by October 15, 2004. Plaintiff filed his complaint on October 21, 2004. Therefore plaintiff's claim regarding his shoulder injury is barred by the statute of limitations.

Plaintiff's argument that his injury is "continuing" is unavailing. Plaintiff's claim accrued when he knew of some harm has been incurred that a potential claim existed. As noted above, that date was no later than October 15, 2002.

3 - FINDINGS AND RECOMMENDATION

Accrual of a claim is not delayed until a plaintiff is aware of the full extent of his damages or all of the details relevant to his claim. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999), cert denied, 529 U.S. 1117 (2000); Widing v. Schwabe Williamson & Wyatt, 154 Or. App. 276, 283 (1998).

Claim Two:   Plaintiff's Claim Two alleges that the ODOC grievance system is ineffective. However, prisoners are not constitutionally entitled to a grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1998).

Claim Three:   Plaintiff's claim three is characterized as a "denial of access to the courts" and alleges "intimidation" by library staff at SRCI.

Generally, allegations of verbal harassment fail to state a constitutional claim. See, Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (vulgarity and verbal harassment not actionable); Guat v. Sunn, 810 F.2d 932 (9th Cir. 1987) ("it trivializes the eighth amendment to believe a threat constitutes a constitutional wrong"); Hopson v. Fredericksen, 961 F.2d 1374 (8th Cir. 1992) (racial slur and accompanying threat of violence not actionable); see also, Collins v Crundy, 603 F.2d 825 (10th Cir. 1976); Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Hoptowit v. Ray, 682 F.2d 1237, 1252 (9th Cir. 1982)(federal court cannot order guards to refrain from using racial slurs).

However, plaintiff further alleges that library staff "confiscate pleadings" and retaliate by bringing disciplinary

4 - FINDINGS AND RECOMMENDATION

actions against prisoners who seek relief concerning the conditions of confinement. Complaint (#2) p. 5.

Although plaintiff's Claim Three may not establish liability for denial of access to the courts, I find that plaintiff's allegations of confiscation of legal materials and retaliation for filing certain types of legal actions states a constitutional claim for pleading purposes.

Conclusion: Defendants' Motion for Judgment on the pleadings should be allowed as to plaintiff's Claim One and Claim Two and denied as to plaintiff's Claim Three.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___ day of June, 2005.

                                            _____
                                            John P. Cooney
                                            United States Magistrate Judge