FILED'07 FEB 27 11:26USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICKEY N. BOLES,

   Plaintiff,      Civil No. 04-1529-CO

  v.          ORDER

JEAN HILL, et al.,

   Defendants.

COONEY, Magistrate Judge.

  Plaintiff, an inmate at the Snake River Correctional Institution (SRCI) filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his Eighth Amendment rights by not providing adequate medical attention for a shoulder injury. (Claim One)  Plaintiff's Claim Two alleges violations of his Fifth and Fourteenth Amendment rights arising out of the "grievance system currently in effect at DOC."  Plaintiff alleges that the grievance system is "futile."  Plaintiff's

1 - FINDINGS AND RECOMMENDATION

Claim Three alleges "denial of access to the courts" by "intimidation" and other conduct "by staff members of the DOC who opporate the law library." (sic)

A Findings & Recommendation (#17) entered June 13, 2005, recommended that defendants' Motion for Judgment on the pleadings be allowed as to plaintiff's Claim One and Claim Two and denied as to plaintiff's Claim Three. By Order (#22) entered September 9, 2005, the Court adopted the recommendation that defendants' motion be allowed as to claim Two but found that further factual development of the statute of limitations issues was required as to plaintiff's Claim One. Accordingly, the claims remaining before the court are plaintiff's Claim One and Three.[1]

Defendants have filed an Unenumerated 12B Motion to Dismiss (#46) as to plaintiff's Claim Three and a Motion for Summary Judgment (#48) as to plaintiff's Claim One.[2]

<u>Claim Three:</u>  Plaintiff's claim three is characterized as a "denial of access to the courts" and alleges "intimidation" by

---

[1]Plaintiff has filed a Second Amended Complaint (#51) and an Amended Complaint (#52) which do not substantially alter plaintiff's claims. These pleadings will be considered by the court as amendments by interlineation pursuant to Local Rule 15.1(e).

[2]In a Findings and Recommendation (#58) entered November 14, 2006, plaintiff was advised of the "Rand type notice" required by <u>WilliamS. Smith v. Benjamin De Hann, et al.</u>, Case No. 04-35581, D.C. No. C.V. 04-00053-MWM, to be given when "un-enumerated 12B" motions are filed.

2 - FINDINGS AND RECOMMENDATION

library staff at SRCI.

As previously noted in the record, See Finding and Recommendation (#17), allegations of verbal harassment fail to state a constitutional claim. See, Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (vulgarity and verbal harassment not actionable); Guat v. Sunn, 810 F.2d 932 (9th Cir. 1987) ("it trivializes the eighth amendment to believe a threat constitutes a constitutional wrong"); Hopson v. Fredericksen, 961 F.2d 1374 (8th Cir. 1992) (racial slur and accompanying threat of violence not actionable); see also, Collins v Crundy, 603 F.2d 825 (10th Cir. 1976); Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Hoptowit v. Ray, 682 F.2d 1237, 1252 (9th Cir. 1982)(federal court cannot order guards to refrain from using racial slurs).

However, plaintiff further alleges that library staff "confiscate pleadings" and retaliate by bringing disciplinary actions against prisoners who seek relief concerning the conditions of confinement. Complaint (#2) p. 5.

Thus, although plaintiff's Claim Three does not establish liability for denial of access to the courts, the court held that plaintiff's allegations of confiscation of legal materials and retaliation for filing certain types of legal actions stated a constitutional claim for pleading purposes.

Defendants move to dismiss plaintiff's Claim Three on the

3 - FINDINGS AND RECOMMENDATION

ground that plaintiff failed to exhaust his grievance remedies regarding his claim of confiscation and retaliation by law library staff members prior to this action against defendants. Motion to Dismiss (#46) p. 1-2.

The Prison Litigation reform Act, 42 U.S.C. § 1997e(a) requires inmates to exhaust all administrative remedies before filing an a civil rights complaint under 42 U.S.C. § 1983. Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Oregon Department of Corrections has a comprehensive procedure by which inmates can administrative resolution of complaints regarding all aspects of their confinement. OAR 291-109-0100 through 291-109-0140. Inmates may also pursue an alternative remedy for alleged discrimination complaints. OAR 291-006-0005-0025.

Defendants' Exhibit 102 (Hicks Affidavit) and Exhibit 103 (Hill Affidavit) establish that plaintiff failed to file any grievance with regard to his law library claim or pursue the alternative remedy of an inmate discrimination complaint. Accordingly, plaintiff failed to exhaust his administrative remedies with regard to Claim Three and defendants' Un-

4 - FINDINGS AND RECOMMENDATION

enumerated 12B Motion to Dismiss (#46) should be allowed.[3]

<u>Claim One:</u>  Plaintiff's claim one arises out of a tear in his right pectoral muscle he sustained while lifting weights on October 15, 2001. Plaintiff alleges that defendants' refusal to provide him with surgical repair of this injury constitutes deliberate indifference to his serious medical needs in violation of plaintiff's rights under the Eighth Amendment.

Defendants contend that plaintiff's Claim One accrued on October 21, 2002 (the date of plaintiff's injury) and is barred by the two year statute of limitations.  However, the court previously held:  "This type of claim accrues when the plaintiff had reason to know of deliberate indifference to his medical needs by corrections employees. <u>Two Rivers v. Lewis</u>, 174 F.3d 987, 991-92 (9th Cir. 1998)  Such a claim may or may not accrue on the date plaintiff sustained his injury and first requested medical attention, depending on what plaintiff and corrections officials knew, and when they knew it." <u>See</u>, Order (#22) entered September 9, 2005.  The court concluded that "[f]urther factual development [was] required" concerning the accrual date of plaintiff's Claim One. <u>Id</u>.

Plaintiff's Seconded Amended Pleading (#51) alleges "On

---

[3]In his Answer to Motion to Dismiss (#59) plaintiff concedes that he did not exhaust his "available administrative and/or grievance remedies to the final level" and agrees that failure is "fatal" to his Claim Three.

5 - FINDINGS AND RECOMMENDATION

4/28/03 plaintiff was informed ... that his injury was considered to be cosmetic, and that plaintiff would have to wait until his release to have this corrected." Plaintiff's Amended Complaint (#52) alleges that plaintiff was informed on April 28, 2003 that "his injury will not be fixed, as the institution will not do cosmetic surgery."

Under these circumstances, I find that plaintiff's Claim One accrued on April 28, 2003, rather than October 15, 2002, as argued by defendants. Plaintiff filed this action on October 2, 2004, within two years of the date his claim accrued. Accordingly defendants' motion for summary judgment on the grounds that plaintiff's claim is barred by the statute of limitations should be denied.

The record reflects that when plaintiff first presented to Health Services on October 15, 2002, he was diagnosed with "tender, mild edema (or swelling) with no gross deformity or pain." Plaintiff returned to Health Services on November 15, 2002, and stated that "It never hurt until later." Plaintiff's range of motion at that time was decribed as within normal limits and Dr. J.L. Stoune described it as a "healing torn pectoralis."

Plaintiff was seen on January 30, 2003 and ibuprofen was prescribed for his muscle pain. Plaintiff was seen two more times for complaints of complaints of muscle injury pain. On

6 - FINDINGS AND RECOMMENDATION

June 3, 2003, Dr. Duncan described plaintiff's shoulder condition a "mild cosmetic defect that would probably persist." On December 20, 2003, Dr. Duncan noted that plaintiff's muscles were "healing." A shoulder x-ray performed on April 22, 2004 showed no evidence of fracture or other significant bone abnormality.

Dr. Dahlin requested approval of an MRI from the TLC Committee on May 26, 2004. but the MRI was not approved because the physician panel interpreted plaintiff's the findings a "soft tissue injury." Motion for Summary Judgment (# 48) Exhibit 101, Affidavit of Steve Shelton p, 11,

In the context of a claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate indifference to [his] serious medical needs." Estell v. Gamble, 429 U.S. 97, 104 (1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); see also, Clements v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

Whether a medical condition is serious is ordinarily a question left to physicians, Brownell v. Figel, 950 F.2d 1285, 1291 (7th Cir. 1991) Davis v. Jones, 936 F.2d 971, 992 (7th Cir. 1991), but in general a medical condition is serious if it is life threatening or poses a risk of needless pain or lingering disability if not treated at once. Id., 936 F.2d at 972.

7 - FINDINGS AND RECOMMENDATION

Medical malpractice, even gross malpractice, does not amount to a violation of the Eight Amendment, see, Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Thus, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under 42 U.S.C. § 1983. See, eg., Shields v. Kunkle, 442 F.2d 409, 410 (9th Cir. 1971); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970); McKinney v. People of the State of California, 427 F.2d 160 (9th Cir. 1970) (per curiam) and the cases collected in the Annotation, Relief Under Federal Civil Rights Act to State Prisoner Complaining of Denial of Medical Care, 28 A.L.R. Fed. 179, 366-379 (1976).

Because courts lack medical expertise, "where prisoners receive some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment." Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985); Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1985).

In this case defendants' exhibits indicate that plaintiff was provided with appropriate medical treatment for his injury and that no further treatment is necessary.

Although plaintiff may disagree with his treating physicians' conclusion that his injury resulted in a "mild cosmetic defect" that does not require surgery, plaintiff's

opinion does not give rise to a claim under the Eighth Amendment. See, Miranda v. Munoz, supra.

Defendants' Motion for Summary Judgment as to plaintiff's Claim One should be allowed.

Plaintiff's Motion for an Order Compelling Discovery should be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 27 day of February, 2007.

John P. Cooney
United States Magistrate Judge